OAKWOOD HOSPITAL CORPORATION *v.*
STATE TAX COMMISSION

Opinion of the Court

1. Taxation—Hospitals—Exemption—Residences for Physicians.
An amendment of the general property tax law did not remove the exemption for *ad valorem* taxes on real estate and the buildings thereon owned by nonprofit hospital corporation and used by resident staff physicians and their families, where the statutory language is unambiguous and the legislative history of the amendatory act made the exemption applicable to resident physicians (PA 1966, No 320).

Dissenting Opinion

O'Hara, J.

2. Taxation—Hospitals—Exemption—Residences for Physicians.
*An amendment of the general property tax law did remove the exemption from* ad valorem *taxes on real estate and the buildings thereon owned by nonprofit hospital corporations and used by resident staff physicians and their families, because any other construction would render the legislative action meaningless (PA 1966, No 320).*

Appeal from the Michigan State Tax Commission. Submitted Division 2 March 6, 1970, at Lansing. (Docket No. 7,247.) Decided May 27, 1970. Leave to appeal granted October 26, 1970. 384 Mich 773.

Appeal to the Michigan State Tax Commission by the Oakwood Hospital Corporation, a Michigan nonprofit corporation from an assessment made by the City of Dearborn. Assessment affirmed as to staff

---

Reference for Points in Headnotes
[1, 2] 51 Am Jur, Taxation §§ 554, 633–638.

residences and servient land.   Plaintiff appeals.
Reversed.

*McClintock, Fulton, Donovan & Waterman (Stanley H. Fulton* and *Frederick W. Heller,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, and *William D. Dexter* and *Richard R. Roesch,* Assistant Attorneys General, for defendant State Tax Commission.

*Ralph B. Guy, Jr.,* Corporation Counsel, and *Carl P. Garlow,* Assistant Corporation Counsel, for the City of Dearborn Taxing Authority.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

DANHOF, J.   The question before this Court is one of statutory construction.   Plaintiff has stated the issue thus,

"Is that portion of the real property of a Michigan nonprofit corporation, engaged in operating a public general hospital, which is occupied and used by it solely for the purpose of housing medical interns and resident physicans who are employed full-time by that hospital, including their families, exempt from taxation under the provisions of the Michigan General Property Tax Act as amended?"[1]

The issue may also be stated as posed by the defendant,

"Did the amendment of § 7 of the general property tax law by PA 1966 No 320, remove the exemption

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 28 as amended in 1968.

[1] MCLA 1970 Cum Supp, § 211.7 (Stat Ann 1970 Cum Supp § 7.7).

from *ad valorem* taxes of dwellings located upon real estate of nonprofit hospital corporations which are used for dwelling purposes for resident physicians and their families?"

Plaintiff's real estate consists of 33 acres. The hospital buildings and immediately surrounding land, totaling approximately 22 acres, were excluded from assessment for property taxes. The city assessor of Dearborn placed an assessment of $52,000 against 9.45 acres of adjoining but vacant land. He also placed an assessment of $51,680 against 10 staff residences located on 1.8 acres at the edge of plaintiff's property and fronting on a street. They were separated from the hospital buildings and parking lots by the 9.45 acres of vacant land. The board of review of the City of Dearborn confirmed the assessments.

Plaintiff made timely complaint of these assessments to the tax commission. The latter, by its orders of March 21, 1969, struck down the assessment upon the 9.45 acres of vacant land apparently on the basis that it did not constitute "excess acreage." Plaintiff's witness had stated that this land although vacant was necessary to provide open space conducive to health purposes. However, the tax commission did uphold the assessment on the 10 staff residences and servient land.

This is the same parcel of land previously declared exempt in *Oakwood Hospital Corporation* v. *State Tax Commission* (1965), 374 Mich 524, but four additional staff residences have been built thereon by plaintiff since that case was decided. However, all ten residences are presently used in exactly the same manner as were the six residences considered in the 1965 *Oakwood Hospital* case and the purpose and use of this parcel and the residences located thereon have not changed since that decision.

Plaintiff argues that it is a nonprofit corporation exempt under the first sentence of paragraph four of § 7 as a charitable institution, but that it is not a nonprofit trust so the last sentence of paragraph four of § 7 has no application to it. This is disputed by defendant. Apparently this issue was not decided in the 1965 *Oakwood Hospital* case. The first sentence of paragraph four of § 7 was not changed by the 1966 amendment, and for reasons which we will explain later we do not find it necessary to decide if plaintiff is a nonprofit trust.

We come now to an examination of the pertinent part of the statute as it read in 1965 at the time of the decision in the earlier *Oakwood Hospital* case. Page 528 of that opinion states in part:

"The material provisions of section 7 of the Michigan general property tax act in question (PA 1893, No 206, as amended), CLS 1961, § 211.7 (Stat Ann 1961 Cum Supp § 7.7), are as follows:

" 'Sec. 7. The following property shall be exempt from taxation:   *   *   *

" 'Fourth, Such real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions   *   *   *   incorporated under the laws of this State with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated.   *   *   *   Also real estate, with the buildings and other property thereon, owned and occupied by any nonprofit trust and used for hospital or public health purposes.' "

By comparison the material provisions of § 7 of the Michigan general property tax act as amended by PA 1966, No 320 [MCLA § 211.7 (Stat Ann 1970 Cum Supp § 7.7)] state:

"The following property shall be exempt from taxation:   *   *   *

"Fourth, Such real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions * * * incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated. Also charitable homes of fraternal or secret societies. Also real estate not to exceed 400 acres of land in this state owned by any boy or girl scout organization, or by young men's Christian associations or young women's Christian associations, if at least 50% of the membership of the associations or organizations are residents of this state, but upon petition of any association or organization the board of supervisors may waive the residence requirement while occupied by them solely for the purpose for which they were incorporated or established. Also the real estate and building of any clinic erected, financed, occupied and operated by a nonprofit corporation or by the trustees of health and welfare funds, if the funds of such corporation or such trustees are derived solely from payments and contributions under the terms of collective bargaining agreements between employers and representatives of employees for whose use the clinic is maintained. Also real estate with the buildings and other property thereon, owned and occupied by any nonprofit trust and used for hospital or public health purposes, *but excluding excess acreage not actively utilized for hospital or public health purposes, and real estate and dwellings located thereon used for dwelling purposes for resident physicians and their families.*" (Emphasis supplied to show pertinent portion of language added by PA 1966, No 320.)

Applying the standard rules of grammar and punctuation to the sentence "Also real estate with the buildings and other property thereon, owned and occupied by any nonprofit trust and used for hospital or public health purposes, but excluding excess acre-

age not actively utilized for hospital or public health purposes, and real estate and dwellings located thereon used for dwelling purposes for resident physicians and their families", it is plain that the phrase set apart by commas "but excluding excess acreage not actively utilized for hospital or public health purposes", constitutes an exception to the language which immediately precedes it but does not affect the language which follows it.

In order to reach the interpretation urged by the defendant it would be necessary to insert the word "excluding" before the words "real estate and dwellings" or delete the comma after the words "public health purposes". This would, of course, alter the plain meaning of the language used.

Ordinarily when a statute is unambiguous, we do not look to the legislative history of the act. However, the very able defense counsel has argued that since the statute granted an exemption to plaintiff for housing used by interns and resident physicians prior to the 1966 amendment and this was specifically so held in the 1965 *Oakwood Hospital* case, *supra,* the legislature would not have amended the previously construed language unless it intended thereby to make a change in the exemption. However, in 50 Am Jur, Statutes, § 275, pp 262, 263 it is stated:

"The general rule is that a change in phraseology indicates persuasively, and raises a presumption, that a departure from the old law was intended, and amendments are accordingly generally construed to effect a change, particularly where the wording of the statute is radically different. On the other hand, every change in phraseology does not indicate a change in substance and intent. The presumption of a change in meaning is merely an aid in interpretation, or in the determination of the legislative intent, and is not an infallible guide, or necessarily

controlling. It cannot prevent the consideration of, or overcome, matters of more persuasive effect. The change in phraseology may result from a variety of causes. In some cases, the purpose of the variation may be to improve the diction, or to clarify that which was previously doubtful. To reach this result, however, it must clearly appear that the change was made for such purpose."

Looking now to the legislative history of the 1966 amendment we find that the bill as introduced (House Bill No 3049) added the word "clinical" to the last sentence of the fourth paragraph of § 7 while deleting the words "real estate, with" and "and other property thereon,". The sentence thus read "Also the buildings owned and occupied by any nonprofit trust and used for hospital, clinical or public health purposes." The committee on general taxation recommended an amendment which appears in 1 House Journal, 1966, page 476 and reads:

"1. Amend page 2, line 21, after 'buildings' by striking out the balance of the sentence and inserting 'AND LAND ON WHICH THEY STAND, EXCLUDING EXCESS ACREAGE NOT ACTIVELY UTILIZED, OWNED AND OCCUPIED BY ANY NONPROFIT TRUST AND USED AS AN OPERATING HOSPITAL OR PUBLIC HEALTH FACILITY.'"

This amendment was not adopted by the house. Instead, the committee of the whole recommended the adoption of two amendments which appear on page 909 of 1 House Journal, 1966. The one pertinent to the issue involved in this case reads:

"1. Amend page 2, line 21, after 'buildings' by striking out the balance of the sentence and inserting 'AND LAND ON WHICH THEY STAND, EXCLUDING EXCESS ACREAGE NOT ACTIVELY UTILIZED, OWNED AND OCCUPIED BY ANY

NONPROFIT CORPORATION OR NONPROFIT
TRUST AND USED AS AN OPERATING HOS-
PITAL, BUT INCLUDING INCIDENTAL LAND
IN PARKING AREAS AND SUCH PORTION OF
THE REAL PROPERTY WHICH IS OWNED,
OCCUPIED AND USED BY SUCH NONPROFIT
CORPORATION OR NONPROFIT TRUST FOR
HOUSING OR TRAINING OF NURSES OR MED-
ICAL INTERNS OR PUBLIC HEALTH FACIL-
ITY.' "

This proposed amendment clearly spells out an ex-
emption for real property owned, occupied and used
for housing or training of nurses or medical interns
or public health facility.

After the bill was sent to the senate its committee
on taxation recommended an amendment which re-
moved the specific exemption for real property which
was owned, occupied and used for the housing or
training of medical interns but left it in as to nurses
who were actually in training. The proposed amend-
ment which appears in 2 Senate Journal, 1966, page
1555 reads:

"3. Amend page 2a, line 4, after 'MAINTAINED.'
by striking out the balance of the line and through
'FACILITY.' in line 14, and inserting 'ALSO THE
BUILDINGS AND THE LAND ON WHICH
THEY STAND OF ANY HOSPITAL MAIN-
TAINED, INCLUDING LAND IN INCIDENTAL
PARKING AREAS AND SUCH PORTION OF
THE REAL PROPERTY WHICH IS OWNED,
OCCUPIED AND USED BY SUCH NONPROFIT
CORPORATION OR NONPROFIT TRUST, OR
PUBLIC HEALTH FACILITY, FOR THE HOUS-
ING OR TRAINING OF NURSES WHO ARE
ACTUALLY IN TRAINING; BUT EXCLUDING
BUILDINGS AND LAND NOT ACTIVELY UTI-
LIZED, OWNED AND OCCUPIED BY SUCH
NONPROFIT CORPORATION OR NONPROFIT

TRUST FOR THE PURPOSES HEREIN SPECI-
FIED OR AS AN OPERATING HOSPITAL.'"

This amendment was not adopted by the senate.

In the same volume at page 1922 appear the
amendments recommended by the senate committee
of the whole. Those amendments were adopted and
are the language of the final bill.

The legislative history demonstrates that the bill
when it left the house contained a specific exemption
for real property owned, occupied and used for
housing or training of nurses or medical interns.
The senate committee on taxation recommended
changing this specific exemption so that it applied
only to nurses and did not include medical interns.
The amendment recommended and adopted by the
senate committee of the whole made the exemption
applicable to resident physicians. It is our opinion
that the legislative history of PA 1966, No 320 sup-
ports the plain meaning of the language used.

Since we hold that PA 1966, No 320 did not re-
move the exemption declared in the 1965 *Oakwood
Hospital* case, *supra,* and since the first sentence of
paragraph four of § 7 was not changed by the 1966
amendment, we do not find it necessary to decide if
plaintiff is a nonprofit trust.

Reversed. No costs, a public question being in-
volved.

J. H. GILLIS, P. J., concurred.

O'HARA, J. (dissenting). I am in respectful dis-
agreement with my colleagues.

In *Oakwood Hospital* v. *State Tax Commission*
(1965), 374 Mich 524, the Michigan Supreme Court
construed the following exemptive language in the
general property tax act:

" '* * *  Also real estate, with the buildings and other property thereon owned and occupied by any nonprofit trust *and used for hospital or public health purposes.*' "  (Emphasis added.)

The Court held:

"The entire hospital facility, including the main hospital building proper and the 6 houses used as these are, must be considered together in determining whether all of it, in combination and, as well, divisibly, serves a hospital purpose and is used therefor. We say the answer is yes, and this answer applies to the houses as well as to the main hospital building."

Subsequent to that decision, the legislature amended the act to read in pertinent part as follows:

" 'Also real estate with the buildings and other property thereon, owned and occupied by any nonprofit trust and used for hospital or public health purposes, *but excluding excess acreage not actively utilized for hospital or public health purposes, and real estate and dwellings located thereon used for dwelling purposes for resident physicians and their families.*'  (Emphasis supplied to show pertinent portion of language used by PA 1966, No 320.)"

I cannot construe "but excluding  * * *  real estate and dwellings located thereon used for dwelling purposes for resident physicians and their families" as anything but an exclusion from the general exemption statute. After the Supreme Court decision in *Oakwood, supra,* any other construction would seem to me to render the legislative action meaningless.

I would affirm.