## OAKWOOD HOSPITAL CORPORATION v. STATE TAX COMMISSION

1. TAXATION—EXEMPTIONS—HOSPITALS—RESIDENCES FOR PHYSI-
   CIANS—STATUTES—CONSTRUCTION.

   Taxation of residences constructed on property owned by a hos-
   pital and occupied by medical interns and resident physicians
   and their families was proper where the statute granting an
   exemption for that type of property was amended to exclude
   from the exemption "real estate and dwellings located thereon
   used for dwelling purposes for resident physicians and their
   families", as the amendatory language could have no other
   logical meaning than to eliminate the exemption granted by the
   unamended statute (PA 1966, No 320).

2. TRUSTS—NONPROFIT TRUSTS—HOSPITALS—CORPORATIONS—NON-
   PROFIT CORPORATIONS.

   The phrase "any nonprofit trust" in the context of a statutory
   amendment dealing with operating hospitals and public health
   service is broad enough to include nonprofit corporations so
   engaged (PA 1966, No 320).

3. TAXATION — EXEMPTIONS — HOSPITALS — TRUSTS — NONPROFIT
   TRUSTS.

   Statute, as modified by amendments, contemplates exemption from
   taxation of real estate owned and occupied by any library,
   benevolent, charitable, or scientific institution when occupied
   by such institutions solely for the purposes for which they were
   incorporated and the exemption from taxation of real estate
   used for hospital or public health purposes when owned and
   occupied by any nonprofit trust whether incorporated or not;
   it does not contemplate exemption from taxation of real estate
   constituting excessive acreage not actively utilized for hospital
   or public health purposes or the real estate and dwellings

REFERENCE FOR POINTS IN HEADNOTES

[1-4] 51 Am Jur, Taxation § 524 *et seq.*

thereon used for dwelling purposes for resident physicians and their families no matter who owns it (MCLA § 211.7).

4. TAXATIONS — EXEMPTIONS — HOSPITALS — RESIDENT PHYSICIANS — INTERNS — STATUTES — CONSTRUCTION — LEGISLATIVE INTENT — WORDS AND PHRASES.

By the phrase "resident physicians" in a statutory amendment excluding from exemption for taxation on property owned by a hospital "real estate and dwellings located thereon used for dwelling purposes for resident physicians and their families" the legislature meant to include all of those graduates of medical school who were living at the hospital, either interning or pursuing further work in a specialty (PA 1966, No 320).

Appeal from Court of Appeals, Division 2, J. H. Gillis, P. J., and Danhof and O'Hara, JJ., reversing Michigan State Tax Commission. Submitted June 23, 1971. (No. 23 June Term 1971, Docket No. 52,901.) Decided September 28, 1971.

24 Mich App 138 reversed.

Oakwood Hospital Corporation appealed to the Michigan State Tax Commission from an assessment by the City of Dearborn of real estate for taxes. Assessment affirmed as to staff residences and servient land. Plaintiff appealed to the Court of Appeals. Reversed. Defendant appeals. Reversed.

*McClintock, Fulton, Donovan & Waterman,* for plaintiff.

*Joseph J. Burtel,* City Attorney, and *C. P. Garlow,* Assistant City Attorney, for the City of Dearborn.

T. G. KAVANAGH, J. In April 1949 Ford Motor Company gave a large tract of land in the City of Dearborn to the Oakwood Hospital Corporation for hospital purposes. Shortly thereafter Oakwood

Hospital was built on part of the property and in 1957 six private ranch-type houses were constructed along one edge of it, fronting on a public street in a private residential neighborhood. Subsequently it constructed four additional homes of the same type on the same tract. All of these homes are occupied by medical interns and resident physicians and their families.

In 1963 the State Tax Commission denied the tax exemption claimed by the Oakwood Hospital Corporation for the then six houses and on appeal this Court allowed the exemption *Oakwood Hospital Corporation* v. *State Tax Commission* (1965), 374 Mich 524.

The statute under which the exemption was allowed in that case, MCLA § 211.7 (Stat Ann 1961 Cum Supp § 7.7) read in pertinent part as follows:

"The following property shall be exempt from taxation:

" * * * Fourth, Such real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions * * * incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated. * * * Also real estate with the buildings and other property thereon, owned and occupied by any nonprofit trust and used for hospital or public health purposes."

Since decision in that case the statute was amended by PA 1966, No 320 and now reads in pertinent part:

"The following property shall be exempt from taxation:

" * * * Fourth, * * * Also real estate with the buildings and other property thereon, owned

and occupied by any nonprofit trust and used for hospital or public health purposes, *but excluding excess acreage not actively utilized for hospital or public health purposes, and real estate and dwellings located thereon used for dwelling purposes for resident physicians and their families.*" (Emphasis supplied.)

The City of Dearborn's assessment of these houses was upheld by the Tax Commission but the majority decision of the Court of Appeals[1] reversed the Commission, holding that the exemption claimed by Oakwood Hospital Corporation for these houses was proper even under the amended statute.

The appellant states the question on appeal:

"Did Act 320 of the Public Acts of 1966, which amended paragraph 7 of the General Property Tax Law, eliminate the exemption from ad valorem taxes of homes located on real property of nonprofit hospital corporations, such homes being used to house doctors and their families?"

Former Justice O'HARA, sitting as a Judge of the Court of Appeals in a dissenting opinion, stated his conviction that the amendatory language could have no other logical meaning than to eliminate the exemption granted by the unamended statute. We agree with him and hold that taxation of these residences was proper.

Oakwood Hospital Corporation argues however, that its property, including these houses, is exempt from taxation by virtue of the first sentences of the fourth subsection of § 7 of the law which exempts all "real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions" incorporated under Michigan law.

---

[1] (1970), 24 Mich App 138.

It claims that the 1966 amendment applies only to property owned and occupied by "any nonprofit trust" and used for hospital or public health purposes. Oakwood Hospital Corporation states that it is a "nonprofit Michigan corporation", thus implying that it is not a "nonprofit trust" and assuming that the two terms are mutually exclusive.

We are not persuaded that either the implication or assumption is correct.

We are furnished no definition of a "nonprofit trust" nor indeed are we able to find a case wherein the phrase is defined.

The word "trust" is familiar enough, but as pointed out in *Rothschild* v. *Dickinson* (1912), 169 Mich 200, 206:

" 'Trusts,' in the broadest sense of the definition, embrace, not only technical trusts, but also obligations arising from numerous fiduciary relationships such as agents, partners, bailees, etc."

Likewise the term (and concept of) "nonprofit" is well known to most of us, but it does little to aid us in specifying the "trust" contemplated by the amendment of 1952.[2]

Certainly the phrase "any nonprofit trust" in the context of this amendment dealing with operating hospitals and public health service is broad enough to include nonprofit corporations so engaged.

The plaintiff also argues that the property here in question is occupied by "interns". It says the statute uses the phrase "resident physicians" and thus has application only to those who are fully qualified and licensed to practice their profession. "Interns" are not fully qualified and licensed, and hence are not "resident physicians", says plaintiff,

---

[2] PA 1952, No 54.—REPORTER.

and accordingly their exemption is not affected by the statute.

Granting the legislature could have intended this technical distinction, we are not persuaded it did. We are convinced that by the phrase "resident physicians" in this statute the legislature meant to include all of those graduates of medical school who were living at the hospital, either interning or pursuing further work in a specialty.

We conclude that the statute as modified by the amendments of 1952 and 1966 contemplates exemption from taxation of real estate owned and occupied by any library, benevolent, charitable, or scientific institution when occupied by such institution solely for the purposes for which they were incorporated.

It also contemplates the exemption from taxation of real estate used for hospital or public health purposes when owned and occupied by any nonprofit trust whether incorporated or not.

It does not contemplate exemption from taxation of real estate constituting excess acreage not actively utilized for hospital or public health purposes or the real estate and dwellings thereon used for dwelling purposes for resident physicians and their families no matter who owns it.

The Court of Appeals is reversed.

No costs. A public question.

T. M. Kavanagh, C. J., and Adams, T. E. Brennan, Swainson, and Williams, JJ., concurred with T. G. Kavanagh, J.

Black, J., concurred in the result.