BAKER v STATE TAX COMMISSION

BAKER v CITY OF ANN ARBOR

1. TAXATION—STATE TAX COMMISSION—APPEAL AND ERROR.
    A decision of the State Tax Commission is final unless fraud, error of law, or misapplication of principles is demonstrated.

2. TAXATION—EXEMPTIONS—HOSPITALS—USE OF PROPERTY.
    The statutory exemption from taxation of property used for hospital or public health purposes is not destroyed by the fact that doctors using the property may be receiving profits incidental to their function of furthering the purposes of the hospital (MCLA 211.7).

Appeal from the State Tax Commission. Submitted Division 2 June 23, 1972, at Detroit. (Docket No. 12985.) Decided October 26, 1972. Leave to appeal granted and remanded to the State Tax Commission for further proceedings, 389 Mich 803.

D. E. Baker, M.D., and others appealed a real property tax assessment by the City of Ann Arbor to the State Tax Commission. Assessment affirmed. Plaintiffs appeal by leave granted. Reversed.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Marshall M. Massey* and *Bettye S. Elkins*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch,* Assistant Attorney General, for defendant State Tax Commission.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 771.
[2] 51 Am Jur, Taxation §§ 539–543.

*Jerold Lax,* City Attorney, for defendant City of Ann Arbor.

Before: LESINSKI, C. J., and J. H. GILLIS and McGREGOR, JJ.

J. H. GILLIS, J. The plaintiff doctors appeal from a determination of the Michigan State Tax Commission that the offices which the plaintiffs use in conjunction with healing patients at St. Joseph Mercy Hospital are taxable under MCLA 211.181; MSA 7.7(5).

The city assessor of the City of Ann Arbor included in the 1971 city assessment rolls for real property taxes office space used by the doctors of St. Joseph Mercy Hospital. The hospital is a non-profit corporation exempted from the Michigan real property tax. The assessor found that the doctors' use of the office space was in connection with a business conducted for profit and that the doctors were subject to taxation.

The plaintiffs appealed this determination to the board of review for the City of Ann Arbor, which upheld the tax. From this decision, the doctors appealed to the Michigan State Tax Commission which entered an order supporting the taxation of the doctors' offices. The plaintiffs now appeal the decision to this Court.

The material facts about the operation of St. Joseph Mercy Hospital and the doctors' use of office space in the hospital are as follows:

The administration of the hospital allots office space in the building to certain doctors on its medical staff. The hospital does not lease the offices to the doctors and does not accept any rent from the doctors. The hospital retains control over the use of the offices and may require the doctors

to give up this space whenever the space would better serve the purposes of the hospital.

The physicians who accept office space in the hospital assume extra duties in the hospital. These duties include serving on various hospital committees and teaching interns and residents who are working at the hospital. Several plaintiffs have offices solely by virtue of the administrative positions which they hold in the hospital.

The doctors treat patients in these offices and bill the patients for their services. However, the hospital requires that these patients be either "inpatients" or duly registered "outpatients" of the hospital.

The sole issue raised on this appeal is whether MCLA 211.181; MSA 7.7(5) allows a taxing authority to tax doctors who use office space in a tax-exempt hospital where the doctors exclusively treat hospital patients and are furthering the corporate purpose of the hospital.

At the outset, we note that the decision of the State Tax Commission is final unless fraud, error of law, or misapplication of principles is demonstrated. *Fisher-New Center Co v Detroit,* 38 Mich App 750 (1972).

The tax in question is based on MCLA 211.181; MSA 7.7(5), which provides, in part, as follows:

"When any real property which for any reason is exempt from taxation is * * * made available to and used by a private individual, * * * in connection with a business conducted for profit, * * * users thereof shall be subject to taxation in the same amount and to the same extent as though the * * * user were the owner of such property."

The State Tax Commission determined that the

plaintiff doctors were carrying on a business for profit and thereby subject to taxation.

The Commission in reaching this conclusion relied on several authorities to support its decision. One authority was the recent case of *Milton Hospital and Convalescent Home v Board of Assessors* (Mass) 271 NE2d 745 (1971). In *Milton,* the Massachusetts Supreme Judicial Court held that where physicians *leased* suites located in the hospital and carried on their own *private practice,* such suites were not entitled to the charitable exemption. These obviously are not the facts in the case before us. In the instant case, these offices are not leased to the doctors nor is any rent charged. Furthermore, the doctors are treating hospital patients and not their own private patients. In short, the plaintiffs in the instant case are furthering the corporate purpose of the hospital, whereas the doctors in *Milton, supra,* were furthering their own purposes and not those of the hospital.

The second line of authority which the commission relies on is *Oakwood Hospital Corp v State Tax Commission,* 374 Mich 524 (1965), which was overruled in 385 Mich 704 (1971). In the first *Oakwood Hospital* case the commission was attempting to tax residences that were leased to doctors on its staff. In its original decision, the Supreme Court disallowed the tax and noted that:

"As in *Webb [infra],* the occupancy by the doctors and interns is incidental to the use of the entire property for hospital purposes and the operation thereof as such." *Oakwood Hospital v State Tax Commission,* 374 Mich 524, 530 (1965).

The Supreme Court overruled this decision (385 Mich 704 [1971]) but not on the grounds that use of the residences by the doctors was not incidental

to the corporate purpose of the hospital. The overruling was based solely on the fact that the Legislature had since amended MCLA 211.7; MSA 7.7, to exclude excess acreage not utilized for hospital or public health purposes, and real estate and dwellings which were used by resident physicians and their families. In short, the Supreme Court was merely following the statutory mandate of the amendment. Therefore, the authority on which the commission based its decision is inapplicable to the case at bar since there is no direct statutory prohibition applicable.

More closely analogous to the instant case are the principles enunciated in *Webb Academy v Grand Rapids,* 209 Mich 523 (1920). In *Webb,* the building was used for educational purposes. The school was also occupied by three teachers, who, in addition, performed janitorial services in the building. The Court in denying the tax, citing with approval from *State ex rel Spillers v Johnston,* 214 Mo 656; 113 SW 1083; 21 LRA (NS) 171 (1908), stated:

" 'In accordance with *State ex rel Spillers v Johnston,* it has been almost uniformly held that the statutory exemption from taxation of property used exclusively for school or educational purposes is not destroyed by the fact that the proprietors, teachers or other persons connected with the school reside in the building, when such residence therein is merely incidental to the use of the building as a school, and is not made the primary object of the persons interested.' " *Webb, supra* at 540.

Although that case involves the use of part of a school for a residence, the principle stated in *Webb* still controls the instant case.

A review of the facts in the instant case clearly reveals that any profit that the doctors may have received was merely incidental to their function of

furthering the purposes of the hospital. It is obvious that a hospital needs a certain number of doctors physically present in order to treat its patients, teach its interns, and serve on medical committees. The fact that the doctors may make a profit on treating hospital patients is not sufficient to make them subject to the real property tax imposed by the commission.

The State Tax Commission concluded that the doctors were carrying on a business for profit and therefore subject to the tax. We now hold, as a matter of law, that where the profit is incidental to the essential functioning of the exempt organization, the exemption must stand and the tax on the incidental profit must fall.

Reversed. No costs, a public question being involved.

All concurred.